# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

## CASE NO. 07-80933-CV-HURLEY/HOPKINS

NATIONAL CITY BANK,

      Plaintiff,

vs.

SUNLAND HOMES, INC., et al.,

      Defendants.

_____/

## ORDER DENYING DEFENDANT'S MOTION FOR RELIEF

**THIS CAUSE** is before the Court upon Defendant Deon Burton's (f/k/a Hyman) pro se Renewed Motion for Permanent Injunctive Relief [ECF No. 48], which the Court is treating as a motion for relief from a judgment. The Court previously denied the portion of the motion seeking injunction relief in light of Defendant's failure to articulate, much less satisfy, the standards required for such relief. *See* ECF No. 58. In light of Defendant's *pro se* status, the Court construed Defendant's pleading as a motion for relief from judgment under Rule 60, Fed. R. Civ. P., and directed Plaintiff to respond.

*1. Relief Under Rule 60(a)*

First, Defendant argues for relief under Rules 60(a), which allows a court to correct a clerical mistake. Such mistakes arise when, due to an oversight or omission, a final judgment fails to reflect the original intent of the Court. *See Companion Health Serv., Inc. v. Kurtz*, 675 F.3d 75, 87 (1st Cir. 2012). Nothing in Defendant's filings indicates any such error. Rather, Defendant appears to argue either that the Court's judgment was erroneous or that the Court reached an erroneous judgment due

to fraud.  Thus, Defendant's claim is not cognizable under Rule 60(a).

*2.   Rule 60(b)(5)*

Rule 60(b)(5) allows a Court to relieve a party from final judgment if "the judgment has been satisfied, released or discharged . . . is based on an earlier judgment that has been reversed or vacated . . . or applying it prospectively is no longer equitable."  Defendant contends that a foreclosure sale that occurred on October 24, 2008 should fully satisfy the thirteen million dollar plus money judgment entered by this Court regardless of whether the proceeds of the foreclosure are less than the amount of the money judgment.

Defendant bases her argument on the "*Doctrine of Merger*," citing *Chrestensen v. Eurogest, Inc.*, 906 So. 2d 343 (Fla. 4th DCA 2005).  In *Chrestensen*, the court considered whether the statute of limitations on an action for a deficiency judgment began to run (a) "at the default date of the underlying mortgage note," or (b) "the date of the foreclosure judgment and/or sale."  *Id.* at 344-45. The court held that the statute of limitations begins to run upon the foreclosure judgment and foreclosure sale because the cause of action for a deficiency does not arise until there has been a foreclosure sale whose proceeds can be applied to satisfy a judgment.  *Id.*  The court observed that a contrary holding could result in the statute of limitations elapsing before a cause of action for a deficiency judgment would ever accrue due to delays in processing a foreclosure action and conducting a sale.  *Id.*

In a footnote, the *Chrestensen* court provided additional reasoning.  The court stated that, because the doctrine of merger would bar a subsequent action based on the same cause for which a judgment has been entered, it only stands to reason that "an action for deficiency is not based upon

2

the mortgage note," which would have been extinguished by the judgment of foreclosure, "but instead arises from the final judgment entered and subsequent foreclosure sale." *Id.* at 345 n.4. Because the deficiency action arises from the final judgment, the statute of limitations does not begin to run until the final judgment has been entered.

None of the reasoning in *Chrestensen* supports Defendant's argument. Defendant seems to interpret *Chrestensen* to mean that after a foreclosure sale, any cause of action for a deficiency is extinguished by the doctrine of merger. What *Chrestensen* actually says is that a subsequent action *on the mortgage note* would be barred by the doctrine of merger. An action *for a deficiency* is not based on the mortgage note, but is based on the foreclosure judgment and foreclosure sale. Not only is the deficiency action not extinguished by the foreclosure judgment, *Chrestensen's* express holding is that the deficiency action does not even arise until the foreclosure judgment has been entered.

### 3. *Procedural Error*

In addition to her argument based on the doctrine of merger, Defendant alludes to problems with signature pages, procedural errors, and the possibility of fraud. For example, Defendant states as follows:

> The Complaint lacking the Mortgage and Security Agreement attached hereto as Exhibit "A" that secured the indebtedness is coerced by real estate state law and is essential in that it is the history of land transfers and the enforcement mechanism that subsequently gave National City Bank the right to take away the real property when the Note(s) reference [sic] in paragraph 1 were not paid.

Motion 2 [ECF No. 48]. Defendant appears to suggest that the Complaint on which the final judgment was based was fatally defective for failure to include the "Mortgage and Security Agreement." Defendant cites no legal authority supporting this view. Moreover, for whatever

3

reason, this argument was not raised at trial, and it does not now serve as a proper basis for relief from a final judgment under either Rule 60(a) or Rule 60(b)(5).

### 4.   Fraud—Rule 60(b)(3)

If Defendant intended to seek relief under Rule 60(b)(3), which allows for relief from a judgment that was procured by fraud, her argument still fails because failure to attach a particular document that is not required by any authority cited in Defendant's motion does not constitute fraud. In addition, even if Plaintiff's failure to attach the Mortgage and Security Agreement constituted a fraud, misrepresentation, or other misconduct, Defendant has not shown any reason this misconduct would have prevented Defendant from fully or fairly presenting her case at trial.[1]  *See Willis v. Lepine*, 687 F.3d 826, 833 (7th Cir. 2012).  The same is true regarding alleged improprieties with signature pages.  Whether the signature pages were improper, relief under Rule 60(b)(3) requires "'a party must show that she has a meritorious claim that she was prevented from "fully and fairly presenting" at trial as a result of the adverse party's fraud, misrepresentation, or misconduct.'" *Id.* (quoting *Wickens v. Shell Oil Co.*, 620 F.3d 747, 758 (7th Cir. 2010)). Plaintiff has not shown any fraudulent conduct by Plaintiff that would have prevented her from arguing that the signature pages were improper at trial.

Finally, a motion under Rule 60(b)(3) for fraud must be made within one year of the entry

---

[1]Defendant has alluded to the notion that she was unaware of the proceedings in this Court during the original action.  However, Defendant was named in this action, was properly served, and participated through an attorney.  Under these circumstances, it is obvious that a Court cannot relieve a defendant from the outcome of a trial merely due to an uncorroborated suggestion that the defendant was unaware of the action.

of the judgment.  Fed. R. Civ. P. 60(c)(1).  The final judgment was issued on May 28, 2008, and Defendant did not file her first post-judgment motion until June 7, 2011.  Therefore, even construing Defendant's arguments broadly in light of her status as a *pro se* litigant, Defendant cannot obtain relief under Rule 60(b)(3).

### 5.  *Rule 60(b)(6)*

In a subsequent reply, *see* ECF No. 50, Defendant seeks relief under the catch-all provision in Rule 60(b)(6).  Rule 60(b)(6) allows a Court to grant relief from a judgment for "any other reason that justifies relief."  Rule 60(b)(6) is reserved for extraordinary circumstances, *see, e.g.*, *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005), and relief thereunder is "exceedingly rare."  *Kramer v. Gates*, 481 F.3d 788, 791-92 (D.C. Cir. 2007).  Defendant's argument seems to be that because National City Bank lacks a claim for deficiency on the foreclosed mortgage, the Court should vacate the money judgment against her.  Even assuming this would be a proper basis for relief under Rule 60(b)(6), the Court has already explained why Defendant has failed to establish that the Bank lacks a deficiency claim.  Furthermore, relief under Rule 60(b)(6) is fundamentally equitable.  *Motorola Credit Corp. v. Uzan*, 561 F.3d 123, 127 (2d Cir. 2009).  Defendant has offered no reason why it would be equitable to eliminate Plaintiff's judgment against her based on a foreclosure sale that did not generate sufficient proceeds to satisfy the judgment.

### 6.  *Judgments Entered by Other Courts*

Referring to a judgment entered by a Florida state court, Defendant states that "the Circuit Court of Martin County entered Final Judgments of Foreclosure that do not posses subject matter jurisdiction over National City Bank's claim to a potential deficiency judgment."  Reply 1 [ECF No. 50].  She contends that "[t]he Final Foreclosure Judgment does not specifically reserve jurisdiction

5

Order Denying Defendant's Motion for Relief
National City Bank v. Sunland Homes, Inc.
Case No. 07-cv-80933-DTKH

to enter a deficiency judgment."  Whether any of this is true, Defendant does not point out what effect this would have on the final judgment entered in the instant case.  If another court attempted to act beyond its jurisdictional authority, Defendant could assert a jurisdictional defense before that court.  That would not, however, have any bearing on the judgment entered in this action.

### 6. *Defendant Is Entitled to a Set-Off*

Despite the fact that Defendant has been unable to articulate a proper basis for the relief she seeks in any of her motions, Plaintiff has conceded that she is entitled to a set-off against the judgment equal to the greater of (a) the proceeds of the foreclosure sale and (b) fair market value of the property as of the date of the foreclosure sale.  If Defendant would like such a set-off, she faces the burden of establishing her entitlement to the set-off and the amount.  Perhaps because Defendant has focused exclusively on eliminating the entire judgment, she has not attempted to establish a set-off amount.  Accordingly, the Court will deny her motion and allow Defendant to submit a motion *only* to obtain the set off described herein.

In light of the foregoing, it is hereby **ORDERED** and **ADJUDGED** that the remaining portion of Defendant's motion [ECF No. 48] is **DENIED**.

**DONE** and **SIGNED** in Chambers at West Palm Beach, Florida, this 25th day of March, 2013.

Daniel T. K. Hurley
United States District Judge

*Copies provided to counsel of record and all pro se parties*

6